Judge Owsley
delivered the Opinion of the Court.
Tins case turns upon the question, whether or not the county court of Madison decided correctly in refusing to grant administration of the estate of Sibel Peake, dec’d. to her brother John Halley. It does not appear that Mrs. Peake had any husband at the time of her decease, or that she left any relations nearer of kin to her than John Halley, though she may have had other representatives, entitled to distribution in her estate, and equal in degree of kindred with Halley. No application for administration of her estate was however made by any of her kindred but Halley; and the question is, were the court at liberty to refuse administration to him, when applied to for that purpose? This question must, we apprehend, he answered in the negative.
The act of the Legislature of this country is imperative upon the court, commanding certificates for obtaining administration to' he granted to the represent n t i ves of the in f estate w ho apply for the same, prefering first the husband or wife, and then such others as are next entitled to distribution, or one pi; more of tlici». as the court shall judge will heat *142 manage and improve the estate. Where there is no husband or'wife, the court lias an unquestionable discretion, between the other representatives next entitled to distribution, to prefer either of those applying for administration who may be judged best qualified to manage and improve the estate. But according to the' plain import of the art, tho discretion of the court in that respect, is limited to those of the representatives who apply for administration, and cannot be exercised by rejecting such as apply merely because there may be others in equal degree of kindred, who do not apply, better qualified to manage the estate. Tho court possesses no power to compel any of the representatives to administer — its power as to them is simply an authority to grant administration to some one or more of them that do apply, and to such as do apply, and such only', should the grant of administration be made. If the representative who applies be incapable of managing the estate, it is not intended to say that administration must be committed to him; but in this case, although Halley is of advanced age, he appears to be of adequate capacity to manage the estafe, and as to such, it is intended to say, the court possessed no legal discretion to reject his application for administration, as a representative equal in degree of kindred with any other to the intestate.
Tho election of an administrator, tho eounty court may make among tho distributees after the husband or wife of (leceasud, must bo eonfincrl to the applicants, for it is only toan applicant administration can be granted.
Slant!ate for administration to be granted ap■pollant.
Turner and Caperton for appellants; Hanson fori defendant.
The order of the county court must, therefore, be reversed with cost, the cause remanded to that court, and an order there made, granting administration to Halley, &c.